UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CHRISTIAN, an individual, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>FURMANITE AMERICA, INCORPORATED,<br><br>                Defendant. | No. 2:15-cv-00946-TLN-DB<br><br>**ORDER** |

      This is a putative class action alleging violations of the California Labor Code and other associated California wage-and-hour requirements. The matter is before the Court on Plaintiff Scott Christian's ("Plaintiff") motion for class certification. (ECF No. 18.) Defendant Furmanite America, Incorporated ("Defendant") opposes the motion. (ECF No. 19.) The Court has carefully considered the record and the parties' briefs. For the reason set forth below, Plaintiff's motion is hereby DENIED.

**I.    BACKGROUND**

      Defendant is a large industrial company that provides a variety of services in the machining, piping, and engineering fields. (First Am. Compl. ("FAC"), ECF No. 16 at ¶ 5.) Plaintiff was a technician for Defendant and worked as an hourly employee. (ECF No. 16 at

¶¶ 9–10.) Plaintiff alleges that he was not allowed to take a second meal break to which he was entitled on days when he worked for more than ten hours. (ECF No. 16 at ¶¶ 13–15.) Plaintiff also alleges that all other technicians worked similar hours and were not allowed to take a second meal break. (ECF No. 16 at ¶ 16.)

Plaintiff brought this lawsuit as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 16 at ¶ 22.) Plaintiff now moves to certify the class. (ECF No. 18.)

## II.    DISCUSSION

A putative class must clear two hurdles prior to certification. First, the class must satisfy the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Second, the class must fit within at least one of the three categories of class action enumerated in Rule 23(b). Fed. R. Civ. P. 23(b); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). The party seeking certification bears the burden of showing that those requirements are met. *See Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013).

Plaintiff seeks certification under Rule 23(b)(3). (*See* ECF No. 18 at 9:26 –10:1.)[1] "To qualify for certification under [Rule 23(b)(3)], a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon*, 150 F.3d at 1022 (quoting Fed. R. Civ. P. 23(b)(3)). These requirements are commonly known as predominance and superiority, and they are independent prongs of Rule 23(b)(3). *See, e.g.*, *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189–93 (9th Cir. 2001) (treating predominance and superiority separately); *Dei Rossi v. Whirlpool Corp.*, No. 2:12-cv-00125-TLN, 2015 WL 1932484, at *11 (E.D. Cal. Apr. 28, 2015) ("The second prong of the analysis under Rule 23(b)(3) also requires a finding that

---

[1] In the FAC, Plaintiff indicates that he also seeks to prosecute this case as a class action under Rule 23(b)(1). (ECF No. 16 at ¶ 22.) But Plaintiff does not contend in his motion that this class is suitable for certification under Rule 23(b)(1), nor does he even cite Rule 23(b)(1). (*See* ECF No. 18 at 9:26–10:1.) Thus, even assuming Plaintiff still seeks certification under Rule 23(b)(1), he has not shown that certification under that subsection is warranted.

'a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'")

Here, Plaintiff has not shown that a class action is superior. The superiority inquiry "necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023. That inquiry is guided by four factors housed in Rule 23(b)(3), which the Court "must consider": (1) the class members' interests in individually controlling their cases, (2) the extent and nature of any preexisting litigation involving class members, (3) the pros and cons of concentrating the litigation in the particular forum, and (4) the likely difficulties in managing a class action. *Zinser*, 253 F.3d at 1190–92 (citing Fed. R. Civ. P. 23(b)(3)(A)–(D)). But Plaintiff has not argued that the superiority requirement is satisfied, nor has he equipped the Court to evaluate the four factors of Rule 23(b)(3). He simply argues that certification is proper under Rule 23(b)(3) because a common legal issue will predominate. (ECF No. 18 at 11:22–12:2.) That is only one half of the relevant standard. *See Dei Rossi*, 2015 WL 1932484, at *11. Accordingly, Plaintiff has not demonstrated that certification is warranted. *Zinser*, 253 F.3d at 1192. The Court need not address whether the prerequisites of Rule 23(a) are satisfied or whether Plaintiff is correct that a common legal issue will predominate.

### III.  CONCLUSION

Plaintiff has not attempted to show that class resolution would be superior to other available methods for the fair and efficient adjudication of this case. Consequently, Plaintiff's motion for class certification (ECF No. 18) is hereby DENIED.

IT IS SO ORDERED.

Dated: February 13, 2017

Troy L. Nunley
United States District Judge

3